UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSÉ CUADRADO

v.  C.A. No. 08-305 ML

ASHBEL T. WALL, ET AL.

REPORT & RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On August 11, 2008, plaintiff José Cuadrado, *pro se*, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C § 1983 ("§ 1983") (the "Complaint") (Docket # 1). Plaintiff names as defendants: Rhode Island Department of Corrections Director Ashbel T. Wall ("Wall"); and Assistant Director Jake Gadsen ("Gadsen"); along with five correctional officers and Jane and John Does. Presently before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rule 12(b)(6)") filed by defendants Wall and Gadsen (Docket # 26). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Plaintiff has not objected to defendants' motions. For this reason, as well as the reasons stated below, I recommend that the defendants' motion to dismiss for failure to state a claim be granted.

BACKGROUND

The following are the relevant factual allegations from the Complaint, which are taken as true for the purposes of the instant motion to dismiss.

On September 28, 2005, five ACI correctional officers, defendants Ashton, Baker, Denis, Batista, and Hetu, assaulted Plaintiff while he was restrained and handcuffed. Specifically, Plaintiff was giving Batista a complaint when two officers gouged at his eyes and slammed him to the ground. Plaintiff was then brought into another room where Ashton pepper sprayed Plaintiff's mouth, eyes, and anus. The correctional officers then stomped Plaintiff's head and body, after which Plaintiff lost consciousness.

1

## DISCUSSION

### I. MOTION TO DISMISS STANDARD

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal,* 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

### II. SUPERVISOR LIABILITY

Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a); *see also Educadores Puertorriqueños En Acción v. Hernández,* 367 F.3d 61, 68 (1st Cir. 2004)("[I]n a civil rights action ... the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why..."). Further, in a § 1983 action, only direct, rather than vicarious, liability is available. *See Sanchez v. Pereira-Castillo,* --- F.3d ---, 2009 WL 4936397, at *13 (1st Cir. Dec. 23, 2009). At a minimum, to support a claim of supervisory liability, a plaintiff must plead facts indicating "an affirmative link between the behavior of the subordinate and the action or inaction of his supervisor ... such that the supervisor's conduct led inexorably to the constitutional violation." *Maldonado v. Fontanes,* 568 F.3d 263, 275 (1st Cir. 2009)(citations and internal quotations omitted); *see also Iqbal,* 129 S.C.t at 1949 (implying "purpose rather than knowledge" is required to impose supervisory liability in a § 1983 action).

Here, the Complaint only alleges an attack by ACI correctional officers and makes no allegations against Wall or Gadsen. Absent any allegations against them, the Complaint clearly fails to implicate either of these supervisory defendants with direct involvement in any alleged wrongdoing. Accordingly, Plaintiff fails to state a claim on which relief may be granted against either of these defendants. Therefore, the motion to dismiss filed by Wall and Gadsen should be **GRANTED**, and the claims against them should be dismissed. I so recommend.

## CONCLUSION

As stated above, I recommend the motion to dismiss filed by Wall and Gadsen be **GRANTED**, and the claims against them be dismissed.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
January 19, 2010