UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSÉ CUADRADO

v.   C.A. No. 08-305 ML

ASHBEL T. WALL, ET AL.

REPORT & RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On August 11, 2008, plaintiff José Cuadrado, *pro se*, who was an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C § 1983 ("§ 1983") (the "Complaint" or "Cmpt.") (Docket # 1). Plaintiff names as defendants: Rhode Island Department of Corrections Director Ashbel T. Wall; Assistant Director Jake Gadsen; Captain L. Ashton; Correctional Officers J. Baker, M. Denis, R. Batista, and M. Hetu; and Jane and John Doe.

Presently before the Court is a Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("Rule 56(c)") filed by defendant Batista ("Summary Judgment Motion" or "SJM") (Docket # 25). Plaintiff filed an objection to the Summary Judgment Motion (the "Objection") (Docket # 38). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation. For the reasons discussed below, I recommend that the Summary Judgment Motion be GRANTED.

UNDISPUTED FACTS

According to the parties' submissions, it is undisputed that:

(i) plaintiff filed the instant action against several administrators and five correctional officers, including Batista, claiming that, on September 28, 2005, the five officers "assaulted and brutally attacked" plaintiff while he was restrained and handcuffed (the "September 28th incident"), *see* Cmpt., Statement of Claim, p. 3;

(ii) on October 1, 2008, plaintiff pled *nolo contendere* to the charge of "assault on a correctional officer" for assaulting defendant Batista in connection with the September 28th incident, *see* SJM, Statement of Undisputed Facts ("SUF"), ¶ 2;

1

(iii) plaintiff sent a letter dated October 1, 2008 (the "October 1st Letter") to defense counsel stating (a) "well I know that at least three of them were the ones that injured me more than Batista. He only permitted someone to steal from me and that is a crime" and (b) "[Batista] took his privilege of pushing me. Right there you have a charge of simple assault," *id.* at SUF, ¶ 5 & Exhibit B; and

(iv) plaintiff now disputes that he assaulted Batista and claims that he was pressured by his defense lawyer to plead *nolo contendere* to the charge that he assaulted Batista, *see* Objection, at pp. 3-4.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990)(quoting the Fed.R.Civ.P. 56 advisory committee's notes). Summary judgment can only be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *See Cadle Co. v. Hayes*, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." *Garside*, 895 F.2d at 48 (1st Cir. 1990)(*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." *Cadle*, 116 F.3d at 960 (citations omitted).

### II. Batista Entitled to Judgment as a Matter of Law

To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate an "unnecessary and wanton infliction of pain." *Whitley v. Abers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)(citations omitted). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether

2

force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995 (1992)(citations omitted).

Here, plaintiff alleges that five correctional officers, including Defendant Batista, "assaulted and brutally attacked" him on September 28, 2005. However, plaintiff subsequently pled *nolo contendere* to a charge of "assault on a correctional officer" for assaulting Batista in connection with the September 28th incident. Although plaintiff now disputes that he assaulted Batista and claims that his defense lawyer pressured him to plead *nolo contendere* to the "assault on a correctional officer" charge, *see* Objection, at pp. 3-4, plaintiff is judicially estopped from denying the elements of the crime to which he plead *nolo contendere*.[1] *See Retirement Bd. v. DiPrete*, 845 A.2d 270, 282 (R.I. 2004); *Silveira v. Santos*, 490 A.2d 969, 971 (R.I. 1985)("a plea of guilty in a prior criminal proceeding is competent evidence in a subsequent civil action as an admission of each element of the formal criminal charge").

Defendant also urges that, because plaintiff is judicially estopped from denying that he assaulted Batista, plaintiff is therefore estopped from claiming that Batista responded to the assault by using excessive force against plaintiff. Although, defendant fails to cite any caselaw supporting this supposition, plaintiff's own words indicating that Batista did not use excessive force deem such legal analysis unnecessary. In the October 1st Letter, plaintiff admits that Batista had only "pushed" plaintiff and "permitted someone to steal from" him while "three of the other [officers] were the one's [sic] that injured [him] more than Batista.[2,3] MSJ, Exhibit 5. In his Objection to the instant

---

[1] In Rhode Island, there is no distinction between a *nolo contendere* plea and a guilty plea. *See State v. Seamans*, 935 A.2d 618, 623 (R.I. 2007).

[2] Plaintiff failed to respond to defendant's request for admissions regarding the statements in the October 1st Letter, and, thus, the statements are deemed admitted. *See* Fed.R.Civ.P. 36(a)(3).

[3] The preliminary statement portion of plaintiff's Objection sheds light on plaintiff's accusation that Batista "permitted someone to steal from" him and "pushed" him. Plaintiff explains that, immediately prior to the altercation, he asked officer Batista if he saw someone steal a cup from plaintiff's cell. After Batista responded that he had not, plaintiff asked if he could enter a fellow inmate's cell to check for his cup. Batista told plaintiff to ask the "L.T.", but plaintiff instead went into a cell and grabbed a cup. The L.T. then told plaintiff to put the cup back, but plaintiff responded by asking him how he could see plaintiff, but not the person who went inside plaintiff's cell. "And officer Batista came pushing [plaintiff,] telling [plaintiff] to go, and [plaintiff] point[ed] to the L.T. telling him am talking to you and officer Batista started to put his hands on [plaintiff], and when [plaintiff] saw the officers coming [he] threw [himself] on the floor. At that moment they started to assault [plaintiff] ...." Objection, p. 1.

3

motion, plaintiff strenuously objects to the allegation that he assaulted Batista. Objection, pp. 2-5. However, even though the Summary Judgment Motion avers that plaintiff admitted that Batista did not assault him in the September 28th incident, in his Objection, plaintiff fails to specify that Batista was one of the officers who assaulted him and states only that Batista "push[ed]" him and "started to put his hands on [plaintiff]." *Id.* at 1-5

Therefore, there is an absence of evidence suggesting that Batista violated plaintiff's Eighth Amendment rights by responding "maliciously and sadistically for the very purpose of causing harm" rather than with "force ... applied in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6. Thus, Batista is entitled to judgment as a matter of law. Accordingly, Batista's Summary Judgment Motion should be GRANTED, and Batista should be DISMISSED as a defendant in this action. I so recommend.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603,605 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
March 9, 2010