UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSÉ CUADRADO

v.                                                                                      C.A. No. 08-305 ML

ASHBEL T. WALL, ET AL.

### REPORT & RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

On August 11, 2008, plaintiff José Cuadrado, *pro se*, who was an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C § 1983 ("§ 1983") (the "Complaint" or "Cmpt.") (Docket # 1). Plaintiff names as defendants: Rhode Island Department of Corrections Director Ashbel T. Wall; Assistant Director Jake Gadsen; Captain L. Ashton; Correctional Officers J. Baker, M. Denis, R. Batista, and M. Hetu; and Jane and John Doe.

Presently before the Court is a motion to dismiss (the "Motion to Dismiss") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") filed by defendants Correctional Officers Baker, Denis, and Hetu (collectively, "Defendants") (Docket # 47). This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Plaintiff has not objected to Defendants' motion. However, for the reasons stated below, I recommend that the Motion to Dismiss for failure to state a claim be denied.

### BACKGROUND

The following background is alleged in the Complaint. On September 28, 2005, ACI Captain Ashton and Correctional Officers Baker, Denis, Batista, and Hetu "assaulted and brutally attacked" plaintiff while he was restrained and handcuffed. Cmpt., Statement of Claim, p. 3. Specifically, plaintiff was giving a complaint to Batista when two of the other correctional officers (unnamed) gouged at his eyes and slammed him to the ground. Plaintiff was then brought into another room where Ashton sprayed pepper spray into plaintiff's mouth, eyes, and anus. Finally, the correctional officers stomped on plaintiff's head and body until he lost consciousness.

1

## DISCUSSION

### I. Motion to Dismiss Standard

In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). A claim fails to state a claim for which relief may be granted if the factual allegations fail to "raise [plaintiff's] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

### II. Section 1983 Standard

In order to maintain a § 1983 action, the conduct complained of must have (i) been committed by a person acting under color of state law and (ii) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, it is clear that Defendants were acting under state law, and, as discussed below, I find that plaintiff alleges facts stating that Defendants deprived him of a constitutional right.

### III. Eighth Amendment Excessive Force Claim

To state an Eighth Amendment claim for the use of excessive force, an inmate must demonstrate "unnecessary and wanton infliction of pain." *Whitley v. Abers*, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986)(citations omitted). The primary inquiry in determining whether a prison official used excessive physical force turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6, 112 S.Ct. 995 (1992)(citations omitted).

Here, plaintiff alleges that he was "assaulted and brutally attacked by Captain L. Ashton, C.O. J. Baker, C.O. M. Denis, C.O. R. Batista, [and] C.O. M. Hetu" while he was restrained in handcuffs. Cmpt., Statement of Claim, p. 3. He goes on to describe the attack, explaining that he was giving a complaint to Batista when two of the other correctional officers, whom he does not identify by name, gouged at his eyes and

slammed him to the ground. He also describes being pepper sprayed by Ashton, after which "they" stomped on him until he lost consciousness. *Id.*

Defendants Hetu, Baker, and Denis essentially urge that the Complaint fails to state a claim against them because it does not describe their actions against plaintiff with adequate specificity. Defendants emphasize that, although plaintiff alleges that two officers assaulted him, "he does not identify them and thus the ... defendants and this Court are left to speculate as to who the plaintiff is targeting in this complaint." Motion to Dismiss, p. 3. Defendants further urge that "[p]laintiff fails to allege that defendants Hetu, Baker or Denis did anything." *Id.*

The Federal Rules of Civil Procedure require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Plaintiff's allegation here, that all five officers, including Defendants, "assaulted and brutally attacked" him while he was restrained in handcuffs, states claims of excessive force against Defendants, especially given plaintiff's *pro se* status. Although, as Defendants point out, it is not clear from the Complaint which two officers allegedly gouged plaintiff's eyes and slammed him to the ground or which officers were included in the "they" in plaintiff's allegation that "'they' then proceeded to stomp my head and body and I lost consciousness," such level of specificity is not required to show that the pleader is entitled to relief or to provide Defendants fair notice of the claims against them. *See id.*; *Salahuddin v. Cuomo*, 861 F.2d 40, 42 ($2^d$ Cir. 1988)(statement of claim must provide fair notice that enables adverse party to answer claim and prepare for trial). Accordingly, I recommend that Defendants' Motion to Dismiss be DENIED.

## CONCLUSION

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
March 9, 2010